[No. 17953.   Department One.   August 22, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Herman
Murray, Prosecuting Attorney for Pacific County,
Respondent*, v. GEORGE VLAHAKIS *et al., Ap-
pellants*, C. O. BEAN *et al., Respondents*.[1]

NUISANCE (33)—CRIMINAL PROSECUTION—ORDER FOR ABATEMENT—
PENALTY. On the abatement of a nuisance under the "Red Light
Law," the assessment of a tax of $300 against the building and
grounds, pursuant to Rem. Comp. Stat., § 946-8, cannot be paid
from a sale of the fixtures and personal property of the lessees, in
view of Id., § 946-6, providing that the proceeds of such sale shall be
applied in payment of the costs of the action and abatement and
the balance, if any, paid to the owners of the personal property. ·

Appeal from a judgment of the superior court for
Pacific county, Reynolds, J., entered February 14,
1922, in favor of the plaintiff, in a proceeding to abate
a nuisance. Modified.

*Fred M. Bond,* for appellants.

*John I. O'Phelan* and *A. D. Gillies,* for respondent.

MITCHELL, J.—This is an action in equity to abate,
as a nuisance, the Lamme Hotel in the city of Ray-
mond. The action is brought under the law of 1913,
p. 391 (Rem. Comp. Stat., § 946-1 *et seq.*) [P. C.
§ 8235 *et seq.*], commonly known as the "Red Light"
law. The owners of the property and their agent, a
mortgagee, and the lessees were made defendants.
There was judgment against the defendants. The
judgment provides, among other things, that a tax of

[1]Reported in 217 Pac. 717.

$300, authorized by § 946-8, Rem. Comp. Stat. [P. C. § 8242], be assessed against the hotel and ground upon which it was situated and against the defendants. The judgment further provides, among other things, that the furniture, fixtures, musical instruments and other movable property used in operating the hotel be seized and sold by the sheriff in the manner provided by law for the sale of chattels under execution and that the proceeds of the sale be applied upon the payment of the $300 tax assessed against the hotel and grounds, and the costs, etc. The defendants George Vlahakis and Chris Nickas, lessees who were running the hotel and who apparently are the owners of the personal property ordered to be sold, have appealed.

The first assignment of error is that the evidence is insufficient to sustain the judgment. The evidence shows that, while much of it on behalf of the respondent is contradicted, it, nevertheless, is not denied in other important particulars, and that altogether its weight is in favor of the judgment.

The only other assignment of error calls in question that part of the judgment which directs that the tax of $300, which, in another part of the judgment, was ordered assessed against the hotel and grounds and the defendants, be paid out of the proceeds of the sale of the personal property. The contention in this assignment must be sustained. Section 946-5, Rem. Comp. Stat. [P. C. § 8239], provides for the sale of all fixtures, furniture, musical instruments or movable property used in conducting the place upon its being declared to be a nuisance and upon the entry of an order of abatement. The next section, 946-6 [P. C. § 8240], provides:

"The proceeds of the sale of the personal property, as provided in the preceding section, shall be applied in payment of the costs of the action and abatement,

and the balance, if any, shall be paid to the person owning such property prior to said sale."

The collection of the tax or penalty of $300, such as was imposed in this case, is provided for in § 946-8 [P. C. § 8242], by an assessment and return to the county treasurer who enforces the collection in the manner prescribed for the collection of taxes under the general revenue laws. It appears to be plain that no part of the proceeds of the sale of the personal property shall be applied to the payment of the $300 tax, and to this extent the lower court is directed to modify the judgment.

The appellants will not recover costs for their abstract of the record.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.